**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MONICA FARES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHAR-BROIL, LLC,<br><br>Defendant. | Case No. 1:24-cv-04878 |
| SUZANNE WINOKUR and GIL WINOKUR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHAR-BROIL, LLC,<br><br>Defendant. | |

**CHAR-BROIL, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND STRIKE CLASS ALLEGATIONS**

# TABLE OF CONTENTS

INTRODUCTION ....................................................................................................................1

I. Plaintiffs Do Not Meaningfully Dispute the Application of Primary Jurisdiction .............2

II. Plaintiffs' Opposition Cannot Salvage Their Claims ........................................................4

A. The Court Should Dismiss Plaintiffs' ICFA Claims ...............................................4

i. Plaintiffs' Claims Sound in Fraud and Are Subject to Rule 9(b) .................4

ii. Plaintiffs Do Not Allege Any Actionable Omission ...................................5

B. All of Plaintiffs' Consumer Fraud Claims Are Repackaged Breach of Contract Claims and Should Be Dismissed ..............................................................7

C. Plaintiffs Do Not Plead That Char-Broil's Limited Warranty Is Unconscionable ...7

D. Plaintiffs' Inaction Foreclose Their Warranty Claims.............................................9

III. This Court Can and Should Strike Plaintiffs' Class Allegations.........................................9

A. Plaintiffs' Proposed Nationwide Class Is Inappropriate for Certification .............10

B. Plaintiffs Do Not Satisfy Rule 23 For Any Proposed Classes ..............................13

C. Plaintiffs Cannot Bring Claims for Products They Did Not Purchase in States They Do Not Reside..........................................................................................15

CONCLUSION......................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Benson v. Newell Brands, Inc.*,
No. 19 C 6836, 2021 WL 5321510 (N.D. Ill. Nov. 16, 2021) ........ 13, 14

*Borsellino v. Goldman Sachs Group, Inc.*,
477 F.3d 502 (7th Cir. 2007) ........ 4

*In re Bridgestone/Firestone, Inc.*,
288 F.3d 1012 (7th Cir. 2002) ........ 10, 11

*Castaneda v. Amazon.com, Inc.*,
679 F. Supp. 3d 739 (N.D. Ill. 2023) ........ 4

*Cholly v. Uptain Grp., Inc.*,
2015 WL 9315557 (N.D. Ill. Dec. 22, 2015) ........ 10

*Cole v. U.S. Capital*,
389 F.3d 719 (7th Cir. 2004) ........ 8

*Connick v. Suzuki Motor Co.*,
174 Ill. 2d 482, 675 N.E.2d 584 (1996) ........ 6

*Cowen v. Lenny & Larry's, Inc.*,
2017 WL 4572201 (N.D. Ill 2017) ........ 10, 11, 15

*Cunningham Charter Corp. v. Learjet, Inc.*,
258 F.R.D. 320 (S.D. Ill. 2009) ........ 14

*Dukich v. IKEA US Retail LLC*,
2:20-cv-02182, 2021 WL 131284 (E.D. Pa. Jan. 14, 2021) ........ 2

*Federico v. Freedomroads RV, Inc.*,
No. 09-CV-2027, 2010 WL 4740181 (N.D. Ill. Nov. 10, 2010) ........ 8

*Fleury v. Gen. Motors LLC*,
654 F. Supp. 3d 724 (N.D. Ill. 2023) ........ 4

*Ford v. Toys R Us, Inc.*,
No. W2005-01117-COA-R3CV, 2006 WL 561865 (Tenn. Ct. App. Mar. 9, 2006) ........ 3

*Greenberger v. GEICO Gen. Ins. Co.*,
631 F.3d 392 (7th Cir. 2011) ........ 7

*Griffin v. Milwaukee Cnty.*,
369 Fed. Appx. 741 (7th Cir.2010) ....................8

*Guajardo v. Skechers USA, Inc.*,
503 F. Supp. 3d 746 (C.D. Ill. 2020) ....................5, 6

*Harbor Pipe & Steel, Inc. v. Mazak Optonics Corp.*
703 F. Supp. 3d 831 (N.D. Ill. 2023) ....................8

*Jensen v. Bayer AG*,
371 Ill. App. 3d 682, 862 N.E.2d 1091 (2007) ....................6

*Kaczmarek v. IBM Corp.*,
186 F.R.D. 307 (S.D.N.Y.1999) ....................14

*Kampmann v. Procter & Gamble Co.*,
699 F. Supp. 3d 678 (C.D. Ill. 2023) ....................5

*Kubilius v. Barailla Am., Inc.*,
2019 WL 2861886 (N.D. Ill. 2019) ....................11

*M.W. Widoff, P.C. v. Encompass Ins. Co. of Am.*,
No. 10 C 8159, 2012 WL 769727 (N.D. Ill. Mar. 2, 2012) ....................7

*Martin v. Reid*,
818 F.3d 302 (7th Cir. 2016) ....................10

*McCaster v. Darden Restaurants, Inc.*,
845 F.3d 794 (7th Cir. 2017) ....................12

*In re Mcdonald's French Fries Litigation*,
257 F.R.D. 669 (N.D. Ill. 2009) ....................11, 12

*Mical Commc'ns, Inc. v. Sprint Telemedia, Inc.*,
1 F.3d 1031 (10th Cir.1993) ....................3

*Muehlbauer v. General Motors Corp.*,
2009 WL 874511 (N.D. Ill. March 31, 2009) ....................14

*Mullins v. Direct Digital, LLC*,
2014 S. Dist. LEXIS 155018 (N.D. Ill. Sept. 30, 2014) ....................13

*Oshana v. Coca–Cola Bottling Co.*,
225 F.R.D. 575 (N.D. Ill. 2005), aff'd 472 F.3d 506 (7th Cir. 2006) ....................12

*Oshana v. Coca-Cola Co.*,
472 F.3d 506 (7th Cir. 2006) ....................12

*Pastor v. State Farm Mut. Auto. Ins. Co.*,
487 F.3d 1042 (7th Cir. 2007) ....................................................................................12

*Payton v. Cnty. of Kane*,
308 F.3d 673 (7th Cir. 2002) ......................................................................................15

*Phillips v. DePaul Univ.*,
385 Ill. Dec. 823, 19 N.E.3d 1019 (1st Dist. 2014) ........................................................6

*In re Recalled Abbott Infant Formula Prods. Liab. Litig.*,
No. 22 C 1322, 2023 WL 3585759 (N.D. Ill. May 22, 2023) .........................................3

*In Re Rust-Oleum Restore*,
55 F. Supp. 3d 772 (N.D. Ill. 2016) ...............................................................................9

*Semitekol v. Monaco Coach Corp.*,
582 F. Supp. 2d 1009 (N.D. Ill. 2008) ............................................................................8

*Siegel v. Shell Oil Co.*,
256 F.R.D. 580 (N.D. Ill. 2008).....................................................................................11

*Spector v. Mondelēz Int'l, Inc.*,
178 F. Supp. 3d 657 (N.D. Ill. 2016) ..............................................................................5

*Suchanek v. Sturm Foods, Inc.*,
764 F.3d 750 (7th Cir. 2014) ........................................................................................14

*Shurland v. Bacci Cafe & Pizzeria on Ogden, Inc.*,
No. 08 C 2259, 2010 WL 3835874 (N.D. Ill. Sept. 24, 2010)..........................................8

*Toulon v. Continental Casualty Co.*,
877 F.3d 725 (7th Cir. 2017) ..........................................................................................6

*Van Zeeland v. Rand McNally*,
532 F. Supp. 3d 557 (N.D. Ill. 2021) ..............................................................................7

*Vulcan Gold, LLC v. Google Inc.*,
254 F.R.D. 521 (N.D. Ill. 2008).....................................................................................11

*Wiegel v. Stork Craft Mfg., Inc.*,
946 F. Supp. 2d 804 (N.D. Ill. 2013) ..............................................................................6

*Wright v. Fam. Dollar, Inc.*,
No. 10 C 4410, 2010 WL 4962838 (N.D. Ill. Nov. 30, 2010).........................................10

## INTRODUCTION

Plaintiffs' Opposition to Defendant's Motion to Dismiss or, in the Alternative, to Strike Class Allegations ("Opposition" or "Opp.") does not address the defects in their Complaint that warrant dismissal of the same and foreclose class certification. Plaintiffs do not dispute that the crux of their allegations challenge the adequacy of the remedy provided by Char-Broil's recall, which was designed and implemented in conjunction with the U.S. Consumer Product Safety Commission ("CPSC"). Those allegations place Plaintiffs' claims squarely within the expertise of the CPSC; the question, therefore, is not whether this Court has "jurisdiction" over this dispute (Opp. at 3-4), but whether the dispute is one "within the agency's particular field of expertise" such that the Court should defer to the CPSC to decide it.

Even if this Court retains jurisdiction, it should dismiss Plaintiffs' consumer fraud, warranty, and unjust enrichment claims. Plaintiffs' consumer fraud claims amount to nothing more than allegations that Char-Broil sold Plaintiffs a product, identified a defect, recalled the product, and provided a fix for the defect that Plaintiffs allege does not conform to their purchase agreement. These allegations, at most, amount to simple breach of contract claims. Notably, Plaintiffs do not allege that Char-Broil omitted any actionable information from their marketing, or that Plaintiffs purchased their smokers as a result of that advertising. Nor do Plaintiffs allege they ever reached out to Char-Broil after participating in the recall to discuss their smokers or to take advantage of the limited (and conspicuous) warranty that Char-Broil provides. While Plaintiffs argue in their Opposition that the warranty is unconscionable, that allegation is nowhere in their complaint. Their claims must be dismissed.

Plaintiffs' claims span more than 200,000 units across 14 different product models. Resolving these claims as a nationwide or multi-state class is impracticable and turns on facts

specific to each individual putative class member's claim. Even if any of Plaintiffs' claims are not dismissed, this Court should strike class allegations that do not satisfy Rule 23.

## I. Plaintiffs Do Not Meaningfully Dispute the Application of Primary Jurisdiction

Plaintiffs fundamentally misunderstand the doctrine of primary jurisdiction and its applicability to this case. In doing so, they misapply *Dukich v. IKEA US Retail LLC*, 2:20-cv-02182, 2021 WL 131284 (E.D. Pa. Jan. 14, 2021), and attempt to shoehorn that decision to the facts and claims here. In *Dukich*, the plaintiffs challenged the *implementation* of IKEA's recall, alleging they had not received refunds that IKEA had promised and that IKEA had negligently failed to abide by the terms of the recall. *Id.* at * 4. Those allegations were the basis for the Court's decision that the court was "well-suited" to determine whether IKEA "violated the UTPCPL [Unfair Trade Practices and Consumer Protection Law] or acted negligently" by failing to properly inform consumers about their rights under the recall. *Id.*

Unlike the *Dukich* plaintiffs, Plaintiffs here challenge the *sufficiency* of the recall remedy that Char-Broil negotiated with the CPSC, not the implementation of the recall. This distinction is evident from the injury identified: in *Dukich*, plaintiffs sought compensation for the value of the refund they would have received under the terms of the recall, while here, Plaintiffs seek compensation for the loss of value of the smoker itself. *Compare Dukich* at *2 ("Plaintiffs do not seek damages for . . . diminution in the value of the dressers") with Compl. ¶ 17 ("The value of the smoker is considerably diminished, if not eliminated completely . . .") and ¶ 21 ("Plaintiffs and reasonable consumers paid more for the Noticed Products than they would have otherwise paid had they received a smoker that would be safe and work as intended"). This critically important difference that brings this case under the ambit of the CPSC's expertise. Plaintiffs allege (and indeed argue in their Opposition), that Char-Broil's recall remedy was insufficient to fix the defect

and therefore reduced the value of the product. *See, e.g.,* Compl. ¶ 89 ("Defendants recall is therefore inadequate and does not provide a remedy…"); ¶ 111 (same); ¶ 216 ("Plaintiffs would not have purchased the Defective Smokers…had they known about the Defect and the inadequate remedy.").

*In re Recalled Abbott Infant Formula Prods. Liab. Litig.*, No. 22 C 1322, 2023 WL 3585759 (N.D. Ill. May 22, 2023), cited by Plaintiff, is inapposite. In *Abbott*, defendants sought to invoke primary jurisdiction over claims of contaminated baby formula based on guidance issued by the U.S. Food & Drug Administration ("FDA") regarding lead in baby food. There was no recall undertaken under FDA supervision and, as the Court noted, the draft guidance relied upon by the defendant did not even apply to the product at issue. *Abbott*, at *9. Thus, "even if the FDA ultimately provided guidance on this issue that favored Abbott, 'such a showing would not be dispositive.'" *Id.* at 10. To the contrary, Char-Broil's recall was developed and implemented with specific CPSC approval. A finding of this Court that the remedy provided was inadequate would directly contradict the agency's action. The fact that Plaintiffs here – like any plaintiff – seek monetary relief does not change the fact that in order to recover, the Court would need to make a finding inconsistent with CPSC's determinations. *See Ford v. Toys R Us, Inc.*, No. W2005-01117-COA-R3CV, 2006 WL 561865, at *4 (Tenn. Ct. App. Mar. 9, 2006) ("Allowing the CPSC to determine first whether a certain piece of jewelry is defective…will eliminate conflicting court judgments as to the defective nature of this type of product."); *Mical Commc'ns, Inc. v. Sprint Telemedia, Inc.*, 1 F.3d 1031, 1033, 1040 (10th Cir.1993) (noting that, there exists a "real possibility that a decision by this court prior to the [agency's] response ... would result in conflicting decisions").

## II. Plaintiffs' Opposition Cannot Salvage Their Claims

### A. The Court Should Dismiss Plaintiffs' ICFA Claims

#### i. Plaintiffs' Claims Sound in Fraud and Are Subject to Rule 9(b)

Plaintiffs cannot refashion their deceptive conduct ICFA claim under the "unfair conduct" prong of the ICFA to avoid dismissal. The applicable pleading standard for an ICFA claim "does not turn on a formalistic invocation of the word 'unfair.'" *Fleury v. Gen. Motors LLC*, 654 F. Supp. 3d 724, 733 (N.D. Ill. 2023). "It depends instead on the plaintiff's factual allegations." *Id.* (citing *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007)). In other words, a claim "sounds in fraud" if it is "premised upon a course of fraudulent conduct." *Id.*

Here, Plaintiffs allege (and concede in their Opposition) that Chair-Broil's "unfair conduct" involved introducing a product into the marketplace without disclosing a safety defect. *See* Compl. ¶¶ 161-63 ("Defendant violated the ICFA…because [the smokers] contain the Safety Defect alleged herein"); ¶ 164 ("Defendant engaged in fraudulent and/or deceptive conduct"); ¶ 165 ("Defendant omitted and concealed this material fact to consumers" by selling a product "without any notice or disclosure of the material Safety Defect."); ¶ 169 ("deceptive and unfair conduct were likely to deceive"). "Since [Plaintiffs'] unfairness claim depends on [Char-Broil's] alleged failure to disclose a defect—and accordingly, sounds in fraud—Rule 9(b) applies." *Fleury*, 654 F. Supp. 3d at 733.

Plaintiffs do little to explain their failure to plead consumer fraud with particularity in their Opposition. They argue that a plaintiff does not need to allege a defendant's intent in detail, and that Char-Broil published marketing materials "touting" the benefits of its products. Opp. at 6. Setting aside that "[m]any of the statements by [Char-Broil] merely puffed the product," *Castaneda v. Amazon.com, Inc.*, 679 F. Supp. 3d 739, 749 (N.D. Ill. 2023), Plaintiffs' alleged

fraudulent communications amount to nothing more than generic product descriptions. And none of Plaintiffs' arguments address the fatal flaw that Char-Broil raised in its opening brief: Plaintiffs do not allege anywhere in their Complaint that they saw any specific advertising that caused them to purchase a smoker, so they cannot show that their purchases occurred as a result of the deceptive act or practice.

**ii. Plaintiffs Do Not Allege Any Actionable Omission**

Plaintiffs fail to adequately address Char-Broil's argument that their ICFA claims should be dismissed because they do not allege an actionable omission. Plaintiffs point to two alleged omissions in their Opposition. Both are unavailing.

First, Plaintiffs argue that Char-Broil failed to disclose to consumers the risks posed by its smokers because of a product defect. Compl. ¶ 55. But Char-Broil did inform consumers about the risks posed by the smokers when it learned about the defect and issued a recall in conjunction with the CPSC—the very recall at issue in this case. In any event, "[t]he Illinois Supreme Court has held that the facts alleged in a complaint attempting to show fraud under the ICFA must show not just the mere possibility of fraud, but that fraud is a 'necessary or probable inference from the facts alleged.'" *Kampmann v. Procter & Gamble Co.*, 699 F. Supp. 3d 678, 689 (C.D. Ill. 2023) (citing *Spector v. Mondelēz Int'l, Inc.*, 178 F. Supp. 3d 657, 672 (N.D. Ill. 2016) (internal citations omitted)). Plaintiffs must allege an "identifiable communication" that is deceptive; merely alleging that Char-Boil's product was "defective, and that [Char-Broil] had failed to disclose this in its advertising" or on product packaging are not "direct statements that contain material omissions." *Kampmann*, 699 F. Supp. 3d at 690 (citing *Guajardo v. Skechers USA, Inc.*, 503 F. Supp. 3d 746, 754 (C.D. Ill. 2020)). Accordingly, "allegations, which [are] focused on knowledge and a failure

to act instead of direct statements, [are] insufficient to allege a material omission actionable under the ICFA." 503 F. Supp. 3d at 755 (collecting cases).

Second, Plaintiffs argue that Char-Broil continues its omissions by "not disclosing how many products it inspected, the specific inspection procedures it used, or the results of any safety inspections conducted prior to releasing the digital electric smokers to the market" in the CPSC-approved recall announcement. Compl. ¶ 56. None are actionable omissions. At best, they are accusations that Char-Broil, in conjunction with the CPSC, could have issued a more specific recall announcement. *See Toulon v. Continental Casualty Co.*, 877 F.3d 725, 740 (7th Cir. 2017) ("[A]t worst, ... [defendant] could have given applicants more detailed information. This is not sufficient to state a claim under ICFA."); *Phillips v. DePaul Univ.*, 385 Ill. Dec. 823, 834, 19 N.E.3d 1019 (1st Dist. 2014) (no claim under ICFA where defendant's information "could certainly have been more specific" but where defendant made "no affirmative misrepresentation"). Moreover, Plaintiffs' claims that Char-Broil concealed or omitted information in its recall announcement are inactionable as a matter of Illinois law. *See Wiegel v. Stork Craft Mfg., Inc.*, 946 F. Supp. 2d 804, 814 (N.D. Ill. 2013) ("under Illinois law, a recall announcement is not evidence of concealment"); *see also Jensen v. Bayer AG*, 371 Ill. App. 3d 682, 862 N.E.2d 1091 (2007) (content of a defendant's recall announcement not an admission it concealed safety information from the public).

Moreover, to the extent that Plaintiffs' consumer fraud claims are predicated statements that Char-Broil made (or did not make) *after* they purchased their products, those should be dismissed. *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 502, 675 N.E.2d 584, 594 (1996) ("plaintiffs can state a valid claim of consumer fraud only where premised upon statements made prior to their dates of purchase").

### B. All of Plaintiffs' Consumer Fraud Claims Are Repackaged Breach of Contract Claims and Should Be Dismissed

The gravamen of Plaintiffs' claims is that Char-Broil sold Plaintiffs a product that did not "conform to the promises and representations made by Defendant through its representations and omissions." Compl. ¶ 19. But merely failing to conform to a promise is insufficient to state an ICFA claim. *See M.W. Widoff, P.C. v. Encompass Ins. Co. of Am.*, No. 10 C 8159, 2012 WL 769727, at *4 (N.D. Ill. Mar. 2, 2012) ("The deceptive act must involve something more than the promise to do something and a corresponding failure to do it."). Instead of seeking a refund or repair under the contractual promises of Char-Broil's limited warranty, Plaintiffs' indefinite claims are a poor attempt to "dress [their claims] up in the language of fraud' in an attempt to state an ICFA claim." *See Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 395 (7th Cir. 2011) ("[F]raud claims must contain something more than reformulated allegations of a contractual breach.... [B]reach-of-contract allegations dressed up in the language of fraud .... cannot support statutory or common-law fraud claims.").

### C. Plaintiffs Do Not Plead That Char-Broil's Limited Warranty Is Unconscionable

Plaintiffs allege for the first time in their Opposition that Char-Broil's limited warranty, which conspicuously disclaims implied warranties and limits remedies, is unconscionable. This Court need not resolve the question of whether Char-Broil's disclaimer is unconscionable as a matter of law because Plaintiffs "fail to plead enough to sufficiently make a claim for unconscionability." *See Van Zeeland v. Rand McNally*, 532 F. Supp. 3d 557, 567 (N.D. Ill. 2021) (dismissing implied warranty claim, despite the plaintiff's unconscionability argument, because the plaintiff failed to allege that the warranty disclaimer was either procedurally or substantively unconscionable). And unlike *Van Zeeland*, where the plaintiff "only summarily allege[d] that the

warranty itself [was] unconscionable in one paragraph in the Complaint," Plaintiffs here make no such argument even though Char-Broil raised this very issue in its initial motion to dismiss nearly six months ago. *See* ECF. No. 18, at 6-7. Plaintiffs amended their complaint *without* addressing the issue. This argument is too little, too late, and the Court should dismiss Plaintiffs' warranty claims with prejudice. *Griffin v. Milwaukee Cnty.*, 369 Fed. Appx. 741, 743 (7th Cir.2010) ("A court is free to dismiss a complaint with prejudice when the plaintiffs have been given opportunities to amend, but fail to do so.").[2]

Moreover, Char-Broil's disclaimer is conspicuous as a matter of law. Here, Char-Broil dedicates an entire page to its limited warranty, and the only section of the limited warranty page in capital letters is the actual disclaimer within a section titled "Disclaimer of Implied Warranties and Limitation of Remedies." ECF No. 39-5, Ex. A, at 12. In contrast, the disclaimer in *Harbor Pipe & Steel, Inc. v. Mazak Optonics Corp.*, which Plaintiffs cite, was "buried" in a paragraph entitled "Limited Warranty" within a dense Terms and Conditions page with multiple, unrelated capitalized sections with "extremely small typeface." 703 F. Supp. 3d 831, 837–38 (N.D. Ill. 2023). Char-Broil's warranty is more like the disclaimer in *Shurland v. Bacci Cafe & Pizzeria on Ogden, Inc.* (which this Court cited in its *Harbor Pipe Decision*) where the disclaimer was conspicuous because it was "printed in the same font size as the rest of the agreement but in all capital letters and on its own line." No. 08 C 2259, 2010 WL 3835874 (N.D. Ill. Sept. 24, 2010). Other courts in the Seventh Circuit similarly agree that disclaimers, such as Char-Broil's, are conspicuous as a matter of law and sufficient to foreclose implied warranty claims. *See, e.g.*, *Cole v. U.S. Capital*,

[2] Plaintiffs' citations to *Federico v. Freedomroads RV, Inc.*, No. 09-CV-2027, 2010 WL 4740181, at *7 (N.D. Ill. Nov. 10, 2010) and *Semitekol v. Monaco Coach Corp.*, 582 F. Supp. 2d 1009, 1026 (N.D. Ill. 2008) are unavailing. In both cases, plaintiffs alleged that the warranty disclaimers were unconscionable. *See Federico*, No. 09-CV-2027, ECF No. 62, ¶ 12; *Semitekol*, 2007 WL 1348509, ¶ 290.

389 F.3d 719, 730 (7th Cir. 2004) ("A contract's warranty disclaimer satisfies the conspicuous requirement when it is printed in all capital letters, when it appears in a larger type than the terms around it, or when it is in a larger and boldface type.").

**D. Plaintiffs' Inaction Foreclose Their Warranty Claims**

Plaintiffs allege that they "formed a contract" with Char-Broil when they purchased their smokers. Compl. ¶ 226. As part of that contract, Char-Broil included a limited warranty providing that Plaintiffs' exclusive remedy under their purchase agreement was repair or replacement of their defective smokers. ECF No. 39-5, Ex. A at 12. Plaintiffs do not allege in the Complaint, or even argue in their Opposition, that they attempted to exercise their rights under Char-Broil's limited warranty. Nor do they allege anywhere that they attempted to contact Char-Broil (or the CPSC) regarding their smokers after receiving their recall remedy. This is sufficient to dismiss their breach of express warranty claims. Plaintiffs, citing *In Re Rust-Oleum Restore*, seem to allude that it may have been "impracticable to effectuate the exclusive remedy" provided in Char-Broil's warranty. 55 F. Supp. 3d 772 (N.D. Ill. 2016). But there, the complaint alleged that the defendant had not complied, or only partially complied, with the exclusive remedy offered to purchasers, and the court grappled with whether the product's limited warranty failed its essential purpose and introduced a factual dispute that could not be resolved on a motion to dismiss. *Id.* at 789-90. In contrast, none of the Plaintiffs here even alleged that they attempted to effectuate Char-Broil's exclusive remedy after the recall, and Plaintiffs fail to address that critical barrier to their warranty claims in their Opposition. Plaintiffs' implied and express warranty claims must be dismissed.

**III. This Court Can and Should Strike Plaintiffs' Class Allegations**

Plaintiffs' Opposition does not address meaningful defects with their class allegations: 1) pleading deficiencies that make it appropriate to strike nationwide class allegations at the pleading

stage, and 2) individual issues of injury, reliance, causation, and damages that overwhelm common questions and fail to satisfy predominance.

### A. Plaintiffs' Proposed Nationwide Class Is Inappropriate for Certification

Plaintiffs, citing *Martin v. Reid*, 818 F.3d 302, 308 (7th Cir. 2016) argue that *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1015 (7th Cir. 2002) did not hold that nationwide classes are impermissible as a matter of law. Opp. at 11. But the *In re Bridgestone* court "cautioned that '[d]ifferences across states may be costly for courts and litigants alike, but they are a fundamental part of our federal republic and must not be overridden in a quest to clear the queue in court.'" *Id.* Indeed, *In re Bridgestone* recognized that in matters like this one, where there are variety of different designs at issue, a nationwide class action alleging injury from recalls affecting numerous different designs of allegedly defective products was inappropriate for class certification. 288 F.3d 1012, 1018–19 (7th Cir.2002) ("Regulation by the [agency], coupled with tort litigation by persons suffering [] injury, is far superior to a suit by millions of uninjured buyers for dealing with consumer products that are said to be failure-prone."). As numerous other courts in the Seventh Circuit have recognized, certifying nationwide classes of consumer fraud, warranty, and unjust enrichment claims is inappropriate where factual differences among putative class members destroy commonality. This is true even at the pleading stage, and it is true here where Plaintiffs' claims are "facially and inherently deficient" and no discovery is needed to understand that Plaintiffs' claims necessarily implicate unreconcilable differences among class members. *Cholly v. Uptain Grp., Inc.*, 2015 WL 9315557, at *3 (N.D. Ill. Dec. 22, 2015); *see also Wright v. Fam. Dollar, Inc.*, No. 10 C 4410, 2010 WL 4962838 (N.D. Ill. Nov. 30, 2010) (granting motion to strike plaintiff's class allegations prior to motion for class certification); *Cowen v. Lenny &*

*Larry's, Inc.*, 2017 WL 4572201, at *4 (N.D. Ill 2017) (striking nationwide consumer fraud, breach of warranty, and unjust enrichment claims at the motion to dismiss stage).

Based on the facts alleged, Plaintiffs' proposed nationwide class involves "all persons who purchased" Char-Broil's recalled smokers, consisting of at least 14 different models of hundreds of thousands of allegedly defective smokers which were manufactured over multiple years. Plaintiffs conveniently argue in their Opposition that this Court should not strike their class allegations at the pleading stage because of "numerous hypothetical factual disputes," Opp. at 12, but these necessarily individualized inquiries are not factual disputes about Plaintiffs' claims; they are examples of the types of questions about putative class members' claims that destroy commonality and render a nationwide class impracticable.

Here, Char-Broil prepared four charts explaining the various differences (with citations) in state laws on consumer fraud, breach of warranty, and unjust enrichment. *See* ECF Nos. 39-1 to 39-4. When the defendant has conducted such an analysis, courts have stuck class allegations. *Kubilius v. Barailla Am., Inc.*, 2019 WL 2861886, at *3 (N.D. Ill. 2019) (dismissing plaintiff's nationwide class allegations when the defendants "identifie[d] several" specific conflicts of state law that rendered the class unmanageable); *Cowen*, 2017 WL 4572201, at *3-5 (granting motion to strike class allegations where "defendant used five pages of its motion to demonstrate 'specific impediments' to class certification in the way of conflicting state laws" and plaintiff failed to rebut defendant's analysis).

Indeed, courts have found material conflicts among the fifty states' laws on the types claims Plaintiffs bring in this case and have denied class certification, at least in part, on that basis. *See In re Mcdonald's French Fries Litigation*, 257 F.R.D. 669, 674 (N.D. Ill. 2009); *Bridgestone/Firestone*, 288 F.3d at 1015 (applying Indiana law, but noting that "state laws about

theories such as those presented by our plaintiffs differ, and such differences have led us to hold that other warranty, fraud, or products liability suits may not proceed as nationwide class action); *Vulcan Gold, LLC v. Google Inc.,* 254 F.R.D. 521, 532-33 (N.D. Ill. 2008) (differences in state law on unjust enrichment precluded class certification on nationwide class); *Siegel v. Shell Oil Co.*, 256 F.R.D. 580, 583-85 (N.D. Ill. 2008) (plaintiffs failed to establish commonality, superiority and predominance due to multi-state law conflicts; describing the material differences in state laws on unjust enrichment and consumer protection; citing numerous other cases stating the same).

Moreover, the proposed class definition is overly broad and inappropriate for certification, an issue Plaintiffs fail to address in their Opposition. *See, e.g., Oshana v. Coca–Cola Bottling Co.*, 225 F.R.D. 575, 581 (N.D. Ill. 2005), aff'd 472 F.3d 506, (7th Cir.2006) (finding that Plaintiffs' proposed class definition of a consumer fraud class consisting of "all purchasers of diet Coke in Illinois during a five year period" was overly inclusive and encompassed members without any injury or identifiable basis for standing). "The Seventh Circuit has held that a class must be sufficiently definite that the members can be ascertained without a separate evidentiary inquiry into each members' claim." *In re McDonald's French Fries Litigation*, 257 F.R.D. at 673 (citing *Pastor v. State Farm Mut. Auto. Ins. Co.*, 487 F.3d 1042, 1047 (7th Cir. 2007)). *See also Oshana v. Coca-Cola Co.,* 472 F.3d 506, 513-15 (7th Cir. 2006) (affirming denial of class certification where plaintiffs' claims for relief required individual proof that any injury be proximately caused by a defendant's misrepresentation, and it was likely that many purchases were not deceived or would have purchased the product anyway).

In other words, "resolving the proposed class members' claims doesn't center on any question common to the class, but instead turns entirely on facts specific to each individual class member's claim." *McCaster v. Darden Restaurants, Inc.*, 845 F.3d 794, 801 (7th Cir. 2017). These

are defects that no amount of discovery can cure, and there is no reason to delay striking Plaintiffs' unworkable nationwide class.

**B. Plaintiffs Do Not Satisfy Rule 23 For Any Proposed Classes**

Plaintiffs argue that a multi-state class consisting of consumers from California, Florida, Massachusetts, Illinois, Michigan, Minnesota, Missouri, New Jersey, New York, and Washington "is not impossible as a matter of law." Opp. at 14. Plaintiffs argue that two courts have allowed certification for multi-state classes in the same ten states. *Id.*

As an initial matter, the court in *Mullins v. Direct Digital, LLC*, 2014 S. Dist. LEXIS 155018 (N.D. Ill. Sept. 30, 2014) did not certify a multi-state class that included California, as Plaintiffs' proposed multi-state class includes. Additionally, the defendants in *Mullins* did not challenge the proposed classes by identifying differences in state consumer fraud laws, and the court did not attempt to evaluate any such differences.

Plaintiffs also cite *Benson v. Newell Brands, Inc.*, No. 19 C 6836, 2021 WL 5321510 (N.D. Ill. Nov. 16, 2021) to support their multi-state consumer fraud class. In *Benson*, the court agreed to certify a class of the same ten states because each states' statutes require proof that the allegedly deceptive conduct at issue was likely to mislead a reasonable consumer. *Id.* The court explained that none of the state laws varied as to the "reasonable consumer" deception requirement, meaning that the differences in the state consumer fraud laws were not material issues that should prevent class certification. *Id.*

In contrast, as Char-Broil's chart demonstrates, no two states have identical consumer fraud statutory requirements, and the requirements outlined in the chart are directly relevant to Plaintiffs' claims and the common questions they pose for class certification. For example, Plaintiffs' common questions include whether Char-Broil "failed to appropriately warn Plaintiffs" about the

"damage or injury" that could result from using the product, whether Char-Broil "failed to disclose to Plaintiffs" that the smokers carried a risk of electric shock, and whether Char-Broil had "actual or imputed knowledge of the Safety Defect but did not disclose it to Plaintiffs." Compl. ¶ 125. But only Minnesota and Missouri require that a defendant knew or intended for a victim to rely on a deceptive statement, so Char-Broil could be liable for the alleged conduct in Illinois, but not in Minnesota or Missouri. Likewise, California, Florida, Michigan, Minnesota, New Jersey, and Washington require that a plaintiff show that the defendant had a duty to disclose the material facts at issue. In the context of Plaintiffs' claims, that could mean that Char-Broil is liable for conduct in Illinois, Massachusetts, Missouri, and New York, but not in the other six states that form Plaintiffs' consumer fraud sub-class. These are significant differences of law that prevent class wide resolution.

Plaintiffs also argue that class-wide reliance for their warranty claims "can be inferred from Plaintiffs' allegations that Defendant made the same material misrepresentations to all class members through uniform advertising and packaging of the Noticed Products." Opp. at 13. Plaintiffs cite *Benson* and *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750 (7th Cir. 2014) in support of this argument, but both cases discussed causation and reliance "in the consumer fraud context," not in breach of warranty claims. *See* 2021 WL 5321510, at *7 (N.D. Ill. Nov. 16, 2021) (citing *Suchanek*, 764 F.3d at 759-60). Courts frequently agree that proposed breach of warranty classes require highly individualized inquiries that make them unsuitable class certification. *See, e.g.*, *Cunningham Charter Corp. v. Learjet, Inc.*, 258 F.R.D. 320 (S.D. Ill. 2009) ("question of whether a particular claim for a particular part should have been covered under the warranty is not a question common to the class, but is instead a highly individualized inquiry"); *see also Kaczmarek v. IBM Corp.*, 186 F.R.D. 307, 312 (S.D.N.Y. 1999) (denying class certification as to breach of

warranty claims involving allegedly defective personal computer because class certification would require a detailed factual inquiry into the differences between the allegedly defective models").

Finally, Plaintiffs fail to address the deficiencies in their unjust enrichment class claims, which are generally inappropriate for class treatment. *Muehlbauer v. General Motors Corp.*, 2009 WL 874511, at *5 (N.D. Ill. March 31, 2009). This Court should strike those claims.

### C. Plaintiffs Cannot Bring Claims for Products They Did Not Purchase in States They Do Not Reside

Plaintiffs allege that they purchased two specific models of Char-Broil smokers, model nos. 19202101 and 14202002. Compl. ¶¶ 73, 93. Yet they purport to bring claims on behalf of consumers who purchased a total of 18 different product models. "[A] named plaintiff cannot acquire standing to sue by bringing his action on behalf of others who suffered injury which would have afforded them standing had they been named plaintiffs," because "a person cannot predicate standing on injury which he does not share." *Cowen*, 2017 WL 4572201, at *3 (dismissing Plaintiffs' claims as to products they did not purchase) (citing *Payton v. Cnty. of Kane*, 308 F.3d 673, 682 (7th Cir. 2002)).

## CONCLUSION

For the foregoing reasons, Char-Broil respectfully requests that the Court grant its motion to dismiss Plaintiffs' claims or, in the alternative, strike all allegations and claims in which Plaintiffs seek to represent nationwide, multi-state, and Illinois classes.

Dated: March 11, 2025

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

*/s/ Lori B. Leskin*
Lori B. Leskin
250 W. 55th Street
New York, New York 10019

Telephone: 212.836.8000
Facsimile: 212.836.8689
Email: lori.leskin@arnoldporter.com

Nicholas C. Zebrowski (*pro hac vice*)
70 West Madison Street, Suite 4200
Chicago, Illinois 60602
Telephone: 312.583.2431
Facsimile: 312.583.2360
Email: nicholas.zebrowski@arnoldporter.com

*Attorneys for Defendant Char-Broil, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 11, 2025, the forgoing document was electronically filed with the Clerk of Court for the Northern District of Illinois through the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Dated: March 11, 2025

*/s/ Lori B. Leskin*
Lori B. Leskin